IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASE NO. 17-622 (FAB)

[8] LUIS G. AYALA-GARCIA,
AKA "PAJARO/GABY EL QUEMAO",
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America, by and through its attorneys for the District of Puerto Rico: W. Stephen Muldrow, United States Attorney; Myriam Y. Fernández-González, Assistant United States Attorney and Chief, Criminal Division; Alberto R. López-Rocafort, Assistant United States Attorney, Deputy Chief of the Gang Unit; and María L. Montañez-Concepción, Assistant United States Attorney, along with Defendant, [8] Luis G. Ayala-Garcia and his counsel Jose R. Aguayo, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One of the Indictment.

Count One of the Indictment charges, in sum and substance, that beginning on a date unknown, but no later than in or about the year 2010, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant

*Plea and Forfeiture Agreement*

[8] Luis G. Ayala-Garcia, did knowingly and intentionally, combine, conspire and agree with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of a real property comprising housing facilities owned by a public housing authority, to wit: Virgilio Davila Public Housing Project, Rafael Falin Torrech Public Housing Project, Brisas de Bayamon Public Housing Project, Jardines de Caparra Public Housing Project, La Gardenias Public Housing Project, La Alambra Public Housing Project, Jose Celso Barbosa Public Housing Project, Los Jeannie Public Housing Project, Alegria Norte Public Housing Project, Jardines de Cataño Public Housing Project, Sierra Linda Public Housing Project, Los Laureles Public Housing Project, Los Dominicos Public Housing Project, Villa Olga Ward, Rio Plantation Ward and El Polvorin Ward and other areas nearby, within the Municipalities of Bayamon, Toa Baja, Cataño, Naranjito, Comerio and Corozal, Puerto Rico, in violation of 21 U.S.C. §841(a)(1). All in violation of 21 U.S.C. §§846 and 860.

2

*Plea and Forfeiture Agreement*

## 2. MAXIMUM PENALTIES

The defendant understands that the penalty for the offense charged in Count One of the Indictment is: a term of imprisonment which shall not be less than 10 years and up to 2 terms of life in prison; a fine not to exceed $20,000,000.00; and a term of supervised release of not less than 10 years, in addition to any term of incarceration, pursuant to 21 U.S.C. §§841(b)(1)(A), 846, and 860.

## 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005). Furthermore, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. §3013(a)(2)(A).

## 5. FINES AND/OR RESTITUTION

Defendant is aware that the Court may, pursuant to USSG §5E1.2, order him to pay a fine.

*Plea and Forfeiture Agreement*

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u> and <u>Background Notes</u>. Furthermore, the Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. The Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. <u>See</u> Fed. R. Crim. P. 11(c)(3)(B).

### 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

| Sentencing Guidelines Calculations Table | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Base Offense Level** | U.S.S.G. §§ 2A1.1(a), 2D1.1(d)(1) | | | | | | | | 43 |
| **Acceptance** | Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | | | | -3 |
| **Sentencing Ranges** | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 40 |
| | 40 | 292-365 | 324-405 | 360-life | 360-life | 360-life | 360-life | | |

### 8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate as to any Criminal History Category for Defendant.

4

*Plea and Forfeiture Agreement*

## 9. SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to recommend a sentence of imprisonment of 240 months regardless of Defendant's Criminal History Category. The parties further agree that cases number DVI2009G033, DLA2009G0265 and DSC2009M0061, are relevant conduct to the case of reference and that in the instant case, the sentence of imprisonment shall be imposed pursuant to U.S.S.G. §5G1.3. The parties agree that the defendant's sentencing recommendation constitutes a variance sentence.

## 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 365 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no further variance sentence under 18 U.S.C. §3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel Jose R. Aguayo and asserts that counsel has rendered effective legal assistance.

*Plea and Forfeiture Agreement*

## 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorneys would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

   d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

   e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

6

*Plea and Forfeiture Agreement*

### 14. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 15. FORFEITURE AGREEMENT

Pursuant to this Plea Agreement, the defendant agree to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §§841, 846 and 860. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations up to the amount stated above. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

7

*Plea and Forfeiture Agreement*

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant by agreeing to the forfeiture stated above, acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty.

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the

8

*Plea and Forfeiture Agreement*

execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

## 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and deny the existence of any other term and conditions not stated herein.

## 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

## 19. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

*Plea and Forfeiture Agreement*

## 20. DISMISSAL OF PENDING COUNTS IN THE INDICTMENT

After sentencing, the United States of America will move to dismiss the pending counts of Indictment, if the defendant is sentenced pursuant to the terms, conditions and recommendations of the Plea Agreement.

**(SPACE INTENTIONALLY LEFT IN BLANK)(CONTINUED ON THE NEXT PAGE)**

*Plea and Forfeiture Agreement*

## 21. BREACH AND WAIVER

The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernández-González
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 11-26-19

_____
Alberto R. López-Rocafort
Assistant United States Attorney
Deputy Chief, Gang Unit
Dated: 11/13/2019

_____
María L. Montañez-Concepción
Assistant United States Attorney
Dated: november 13, 2019

_____
Jose R. Aguayo
Counsel for Defendant
Dated: 12/3/19

_____
Luis G. Ayala-Garcia
Defendant
Dated: 12/3/19

11

*Plea and Forfeiture Agreement*

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 12/3/19

_____
Luis G. Ayala-Garcia
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 12/3/19

_____
Jose R. Aguayo
Defense counsel

12

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating 21 U.S.C. §§841(a)(1), (b)(1)(A), 846, 860 and 2.

Beginning on a date unknown, but no later than in or about the year 2010, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, did knowingly and intentionally, combine, conspire and agree with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of a real property comprising housing facilities owned by a public housing authority, to wit: Virgilio Davila Public Housing Project, Rafael Falin Torrech Public Housing Project, Brisas de Bayamon Public Housing Project, Jardines de Caparra Public Housing Project, La Gardenias Public Housing Project, La Alambra Public Housing Project, Jose Celso Barbosa Public Housing Project, Los Jeannie Public Housing Project, Alegria Norte Public Housing Project, Jardines de Cataño Public Housing Project, Sierra Linda Public Housing Project,

Los Laureles Public Housing Project, Los Dominicos Public Housing Project, Villa Olga Ward, Rio Plantation Ward and El Polvorin Ward and other areas nearby, within the Municipalities of Bayamon, Toa Baja, Cataño, Naranjito, Comerio and Corozal, Puerto Rico, in violation of 21 U.S.C. §841(a)(1). All in violation of 21 U.S.C. §§846 and 860.

The object of the conspiracy was to distribute controlled substances at the Virgilio Davila Public Housing Project, Rafael Falin Torrech Public Housing Project, Brisas de Bayamon Public Housing Project, Jardines de Caparra Public Housing Project, La Gardenias Public Housing Project, La Alambra Public Housing Project, Jose Celso Barbosa Public Housing Project, Los Jeannie Public Housing Project, Alegria Norte Public Housing Project, Jardines de Cataño Public Housing Project, Sierra Linda Public Housing Project, Los Laureles Public Housing Project, Los Dominicos Public Housing Project, Villa Olga Ward, Rio Plantation Ward and El Polvorin Ward and other areas nearby, within the Municipalities of Bayamon, Toa Baja, Cataño, Naranjito, Comerio and Corozal, Puerto Rico, all for significant financial gain and profit.

Defendant [8] Luis G. Ayala-Garcia acted as a leader and enforcer for the drug trafficking organization of Los Menores. As a leader, he controlled the drug trafficking activities at the drug points located at Los Menores controlled Public Housing Projects, specifically at Los Jeannies Public Housing Project, and was in charge of maintaining control of all the drug distribution activities.

As an enforcer for Los Menores drug trafficking organization. As an enforcer, he would use and carry firearms during and in relation to the drug trafficking activities and would allow other members of the conspiracy to carry and use firearms during and in relation to the drug trafficking activities. He also participated in violent acts to further the drug trafficking activities. On or about March 25, 2015, the defendant along other co-defendants aiding and abetting each other, did

knowingly use and carry a firearm with an unknown serial number, during and in relation to a drug trafficking crime for which he may be prosecuted in a Court of the United States, and in the course of that crime did cause the death of Nelson R. Troche-Rivera, aka "Negro", through the use of a firearm, which killing is a murder as defined in 18 U.S.C. § 1111.

The defendant acknowledges that during the span of the conspiracy, he possessed with intent to distribute in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) of the aforementioned public housing projects.

At trial, the United States would have proven beyond a reasonable doubt that defendant [8] Luis G. Ayala-Garcia, is guilty as charged in COUNT ONE of the Indictment by presenting physical and documentary evidence, photographs, audio and video recordings, testimony of a forensic chemist as an expert witness, cooperating witnesses, as well as the testimony of law enforcement agents among others.

Discovery was timely made available to Defendant for review.

_____
María L. Montañez-Concepción
Assistant United States Attorney
Dated: November. 13. 2019

_____
Jose R. Aguayo
Counsel for Defendant
Dated: 12/3/19

_____
Luis G. Ayala-Garcia
Defendant
Dated: _____